UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE:   AIR CRASH NEAR CLARENCE CENTER,
NEW YORK, ON FEBRUARY 12, 2009

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  **NOTICE OF MOTION TO REMAND TO STATE COURT**

09-md-2085

This Document Relates to:
09-CV-1087-S (Wielinski)

| | |
|---|---|
| **MOTION BY:** | Plaintiff, Karen F. Wielinski, by her attorneys, Paul William Beltz, P.C. |
| **DATE/TIME/HEARING:** | Before the Hon. William M. Skretny, United States District Court, Western District of New York, Part IV, 5th floor, United States Courthouse, 68 Court Street, Buffalo, New York, on the papers, or at a date and time to be determined by the Court. |
| **SUPPORTING PAPERS:** | Attached Affidavit of Philipp L. Rimmler, executed on January 22, 2010, in support of the motion. |
| **RELIEF REQUESTED:** | An Order of this Court remanding the case to State Court. |
| **GROUNDS FOR RELIEF REQUESTED:** | 28 U.S.C. §1447 ( c ) |

**ORAL ARGUMENT:** Oral argument is requested.

**NOTICE REGARDING REPLY PAPERS:** Per W.D.N.Y. Local Civ. R. 7.1(c), Plaintiff gives notice that, if any Defendants oppose this motion, that Plaintiffs intend to file reply papers, and thus Defendants are required to file their response at least eight business days before the return date set by the Court.

**DATED:** Buffalo, New York, January 22, 2010

      /s/ Philipp L. Rimmler
Philipp L. Rimmler
Paul William Beltz, P.C.
36 Church Street
Buffalo, New York 14202
Telephone:   (716) 852-1000
Facsimile:    (716) 852-5887
plrimmler@paulbeltz.com
Counsel for Plaintiff Karen F. Wielinski

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE:  AIR CRASH NEAR CLARENCE CENTER,
NEW YORK, ON FEBRUARY 12, 2009

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -     **DECLARATION OF PHILIPP L. RIMMLER IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

09-md-2085

This Document Relates to:
09-CV-1087-S (Wielinski)

STATE OF NEW YORK     :
                                        ss:
COUNTY OF ERIE          :

PHILIPP L. RIMMLER, being duly sworn, deposes and says that:

1. I am an attorney licensed to practice in the State of New York and admitted to practice before this Court, and I am associated with Paul William Beltz, P.C., counsel for Plaintiff Karen Wielinski, the plaintiff in No. 09-CV-1087-S.  As such, I am fully familiar with the facts and circumstances involved in this litigation.

2. This affidavit is made in support of the Motion by Plaintiff Karen Wielinski to remand her action to New York State Supreme Court, pursuant to 28 U.S.C. § 1447(c).

3. Prior to the filing of the Wielinski complaint, four other actions were also filed in New York State Supreme Court.  These actions, collectively referred to as "the state court actions" include: Plaintiff Justine M. Krasuski (No. 09-CV-1039-S); Plaintiff Cheryl Borner (No. 09-CV-1040-S; Plaintiff Tina Siniscalco (No. 09-CV-1041-S) and Plaintiff Kathleen Johnston (No. 09-

CV-1042-S).

4.  All of the above-named actions were commenced in New York State Supreme Court (Erie County) to recover for, <u>inter alia</u>, the wrongful death and pain and suffering of their decedents who were killed on February 12, 2009, when the Continental Flight 3407 crashed in Clarence Center, New York, landing on the home of Douglas and Karen Wielinski.

5. Each lawsuit included detailed allegations and claims against the same Defendants sued in the present case, including Defendant FlightSafety International, Inc. ("FlightSafety"), which is a New York corporation, and, it is not disputed, is, and was at all relevant times, a New York citizen for determining whether diversity jurisdiction exists.

6.  As reflected on the Court's master docket and the individual dockets, all of the defendants in the state court actions filed removal petitions.  See Master Docket Entries listed between Docket #141 and 142 (Notices of Removal in Krasucki; Borner; Johnston: and Simisalco; see also Individual Docket # 1 in Krasuski, Individual Docket #1 in Borner; Individual Docket #1 in Johnston; and Individual Docket #1 in Simiscalco).

7.  On or about December 24, 2009,  all of the defendants in the Wielinski action, including FlightSafety, purported to remove this case to Federal Court, claiming FlightSafety was "fraudulently joined" in this lawsuit despite the overwhelming proof that has been brought to light establishing incorrect training as a leading cause of the crash.  See Master Docket Entry listed between Docket #170 & 171; see also Individual Docket #1 in Wielinski.

8.  Answers to the Wielinski complaint have recently been served  by all of the defendants.  See Master Docket #190 (Colgan & Pinnacle);  Master Docket #197 (FlightSafety); and Master Docket #198 (Continental).  None of the defendants, including FlightSafety, moved to dismiss the complaint for failure to state a cause of action.

9. The removal petitions that were filed against the other state court plaintiffs contain virtually identical language as the removal petition filed in the present case.

10. On January 7, 2010, the four other state court plaintiffs filed an extensive joint motion for remand.  See Master Docket #191.

11. The exhibits offered in support of the joint motion for remand include pre-action discovery that was conducted on behalf of Karen Wielinski.  See Master Docket #191 at EXHIBIT A.

12. The joint motion for remand also included a 35-page memorandum of law.  See Master Docket #192.  The filing of a memorandum exceeding 25 pages required a separate motion, which was granted.  See Master Docket #188.

13. Inasmuch as the subject removal petition is virtually identical in content to the prior removal petition, and inasmuch as this Court already has before it an extensive remand motion, which sets forth the legal arguments refuting the false assertions made in the removal petition, plaintiff Karen Wielinski hereby joins in, and incorporates by reference, the points and exhibits set forth in the joint remand motion filed at Master Docket #191 & 192.

14. The plaintiff also asks this Court to consider the additional materials set forth herein at EXHIBITS A, B, C and D.

15. FlightSafety International has adopted as its own registered trademark: "The best safety device in any aircraft is a well-trained pilot."  *See* information from United States Trademark Office, attached as EXHIBIT A.

16. Yet, despite their registered trademark, and despite placing this motto on virtually every page of their web site, (see pages of Joint Motion at EXHIBIT F), improper training has been identified as a central cause of the crash of Flight 3407.  Indeed, the investigation to this

point suggests that if the pilot and co-pilot had simply realized they had allowed their speed to become too slow, and applied appropriate responses, this crash was completely avoidable. *See* EXHIBITS C & D; *see also* Joint Motion EXHIBIT L.

17. Instead, based on information available to date, the pilot and co-pilot reacted inappropriately for the situation that they were presented with. In fact, early indications are that the responses of the pilot and co-pilot are exactly the opposite of what they needed to do. Instead, due to incorrect training, the pilots caused the plane to spiral out of control onto the home of Douglas and Karen Wielinski.

18. A finding that FlightSafety was "fraudulently" joined is tantamount to finding that FlightSafety has no responsibility for the completely inept responses of those piloting the plane.

19. Attached hereto at EXHIBIT A, is an excerpt from the Airplane Upset Recovery Training Aid Revision 2, November 2008 (the "UART").

20. The UART is an aviation-industry approved document that was intended to reduce accidents caused by the loss of control of swept-wing aircraft.

21. Between 1998 and 2007 there were 22 accidents resulting in 2051 deaths attributed to loss of control. The aviation industry recognized that many of those accidents could be reduced with correct training.

22. The UART recognized that when upset occurs for whatever reason, the pilot and co-pilots' first response for recovery must be correct and timely. An improper response to an upset, such as exaggerated control inputs through reflex responses, must be avoided. The UART also acknowledged that inappropriate control inputs during one part of an upset recovery could lead to a cascade of events from which there could be no recovery. (EXHIBIT B, p. 2.44, §2.6.1).

23. The hearings that were held by the NTSB in Washington D.C. in May of this past

year, which this declarant attended, contained significant testimony describing the inappropriate crew responses and "the cascade of events" from which recovery became impossible in the crash of Flight 3407.

24. Though not directly applicable to turboprop planes, the UART contains numerous findings of general applicability. For example, the UART recognizes that most airplane flying is routine and smooth, and that airplane upsets that can lead to loss of control situations are thus rare and unpredictable. Thus, the UART stated that the best solution to overcome the tendency for pilots to react before analyzing what is happening in an upset situation, i.e., to be startled, is to provide correct training. (EXHIBIT B, p. 2.45, §2.6.2.1).

25. The UART was a document that received express approval from many players in the airline industry, including two of the defendants sued by Karen Wielinski, namely, FlightSafety International and Continental Airlines.

26. Included in the UART are statements that pilots of large turbofan aircraft, who generally started off flying smaller piston powered aircraft and then migrated to larger turboprop aircraft before moving on to jets, are receiving the wrong training.

27. Because FlightSafety and Continental are signatories to the UART, these defendants cannot deny having knowledge that pilots are receiving improper training.

28. As demonstrated by the UART, as well as the exhibits attached to the joint motion for removal, improper training has been cited over and over as a major factor in the crash of Flight 3407.

29. The NTSB has recently announced that a further hearing will be held on February 2, 2010, at which time the Board will issue its report concerning the crash of Flight 3407.

30. It is expected that this report will focus extensively on improper training as a cause of

the crash, and the Court is asked to consider the report and the Board's findings before deciding this motion.

31. It is respectfully urged that, in light of the mounting evidence concerning the crucial role that improper training played in the crash of Flight 3407, there is no basis for FlightSafety's attempt to be exonerated from liability for the plane crash that took 50 lives, including Doug Wielinski. The claim of fraudulent joinder is therefore entirely lacking in merit, and this motion to remand and allow the case against FlightSafety to continue should be granted.

WHEREFORE, Plaintiff respectfully requests an order granting this Motion to Remand this action to New York State Supreme Court, together with the costs and disbursements of the motion and such other relief as this Court deems just and proper.

        /s/ Philipp L. Rimmler
Philipp L. Rimmler
Paul William Beltz, P.C.
36 Church Street
Buffalo, New York 14202
Telephone: (716) 852-1000
Facsimile: (716) 852-5887
plrimmler@paulbeltz.com
Counsel for Plaintiff Karen Wielinski

Sworn to before me this
22th day of January, 2010

        /s/ Debra A. Norton
Debra A. Norton
No. 02NO6039202
Notary Public, State of New York
Qualified in Erie County
My Commission Expires March 27, 2010

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

IN RE: AIR CRASH NEAR CLARENCE CENTER,
NEW YORK, ON FEBRUARY 12, 2009

_____

        09-md-2085

        This Document Relates To:
        09-cv-1087S (Wielinski)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2010, I electronically filed the foregoing Notice of Motion for Relief from the CMO and Supporting Affirmation with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

| | |
|---|---|
| Hugh M. Russ, III<br>Hodgson Russ LLP<br>140 Pearl St., Suite 100<br>Buffalo, NY 14202<br>Telephone: 716- 856-4000<br>Facsimile: 716- 849-0349<br>hruss@hodgsonruss.jcom<br>Plaintiffs' Liaison Counsel in<br>   No. 09-md-2085 | Neil A. Goldberg<br>Goldberg Segalla LLP<br>665 Main Street - Suite 400<br>Buffalo, NY 14203<br>Telephone:   716-566-5475<br>Facsimile:   716-566-5401<br>ngoldberg@goldbergsegalla.com<br>Counsel for Defendants Colgan Air, Inc. and Pinnacle Airlines Corp. |
| David J. Harrington<br>Condon & Forsyth LLP<br>7 Times Square<br>New York, NY 10036<br>Telephone:   212-894-6780<br>Facsimile:   212-370-4453<br>dharrington@condonlaw.com<br>Counsel for Defendants Colgan Air, Inc. and Pinnacle Airlines Corp. | Thomas J. Drury<br>Hedwig M. Auletta<br>Damon Morey LLP<br>200 Delaware Avenue - Suite 1200<br>Buffalo, NY 14202<br>Telephone:   716-856-3845<br>Facsimile:   716-856-5535<br>tdrury@damonmorey.com<br>hauletta@damonmorey.com<br>Counsel for FlightSafety International, Inc. |

Oliver K. Beiersdorf
Reed Smith LLP
599 Lexington Avenue - 29th floor
New York, NY 10022
Telephone:	212-549-0414
Facsimile:	212-521-5450
obeiersdorf@reedsmith.com
Counsel for Defendant Continental Airlines, Inc.

Terrance P. Flynn
Harris Beach PLLC
726 Exchange Street - Suite 1000
Buffalo, NY 14210
Telephone:	716-200-5120
Facsimile:	716-200-5201
tflynn@harrisbeach.com
Counsel for Defendant Continental Airlines, Inc.

L. Richard Musat
Treece, Alfrey, Musat & Bosworth, P.C.
999 18th Street - Suite 1600
Denver, CO 80202
Telephone:	303-292-2700
lrmusat@tamblaw.com
Counsel for Bombardier

Dated:	Buffalo, New York
	January 22, 2010

By:	s/ Philipp L. Rimmler

	Attorneys for Plaintiff
	Karen F. Wielinski, as Administratrix of the Estate of
	Douglas C. Wielinski, deceased

	PAUL WILLIAM BELTZ, P.C.
	36 Church Street
	Buffalo, New York 14202
	Phone: (716) 852-1000
	plrimmler@paulbeltz.com