UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009, | DECISION AND ORDER<br>09-md-2085 |
| | This document relates to:<br>10-CV-1007S |
| NEIL J. PRISCO, JR., *Individually and as Administrator of the Estate of Donna Lynn Prisco*, | |
| Plaintiff, | |
| v. | |
| COLGAN AIR, INC., PINNACLE AIRLINES CORP., BOMBARDIER, INC., BOMBARDIER AEROSPACE CORP., CONTINENTAL AIRLINES, INC., and FLIGHTSAFETY INTERNATIONAL, INC., | |
| Defendants. | |

## I. INTRODUCTION

Presently before this Court is Defendant Colgan Air, Inc.'s Motion to Dismiss Plaintiff's complaint against it as barred by workers' compensation law.[1] (Docket No. 53.[2]) For the reasons explained below, Colgan's motion is denied.

## II. BACKGROUND

This case arises out of the crash of Continental Connection Flight 3407 on February 19, 2009, in Clarence Center, N.Y. The crash killed all 49 people on board the aircraft and one person on the ground. By order entered October 6, 2009, the United States Judicial Panel on Multidistrict Litigation transferred all then-pending actions concerning the crash

---

[1] Colgan's motion also seeks dismissal of the complaint brought against it by the family of Matilda Quintero in Poidomani v. Colgan, et al., 11-CV-118S. The parties have since settled that action.

[2] All docket numbers refer to 10-CV-1007S.

of Flight 3407 to this Court for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. In Re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009, 655 F. Supp. 2d 1355, 1356 (J.P.M.L. 2009).  Subsequently-filed actions have also been transferred here.

Plaintiff's decedent, Donna Prisco, died in the crash of Flight 3407 en route from Newark, N.J., to Buffalo, N.Y. (Complaint, Docket No. 1, ¶¶ 1, 17.) She was employed by Colgan as a flight attendant. (Complaint, ¶¶ 13, 45.) Plaintiff asserts a number of causes of action against the defendants, including that Colgan negligently caused Donna Prisco's death. (Complaint, ¶¶ 46-55.)

As is pertinent here, Plaintiff alleges that Colgan violated its duty not to jeopardize its employees' health and lives and was "negligent, careless, reckless, willful and wanton" in the violation of this duty. (Complaint, ¶ 46.) Plaintiff alleges that "Colgan knew, or in the exercise of ordinary care should have known, that the negligent, careless, reckless, willful and wanton acts . . . would result in injury or death to their [sic] employees, to a substantial certainty." (Complaint, ¶ 47.) Plaintiff further alleges that "[t]he death of Donna Prisco was more than the mere fact of life or industrial employment and was the result of the Defendant Colgan's negligent, careless, reckless, willful and wanton conduct . . . ." (Complaint, ¶ 48.)

### III. DISCUSSION AND ANALYSIS

**A.     Motion to Dismiss Standard**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. FED. R. CIV. P.

8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood

Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific, and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

**B.     Colgan's Motion to Dismiss**

Colgan seeks dismissal of the complaint on the grounds that workers' compensation law prohibits Plaintiff's claims because Donna Prisco was employed by Colgan. It is undisputed that Donna Prisco was a resident of New Jersey at the time of the aircrash, which occurred in New York. Thus, there is a threshold choice-of-law issue.[3]

Colgan maintains that choice-of-law analysis is not necessary because New Jersey and New York workers' compensation laws both bar employees from suing their employers for work-related injuries, except when the employer committed an intentional wrong, and there is no such allegation here. It therefore maintains that New York law can be applied as the law of the forum state. Plaintiff maintains that there is a material conflict of laws because New Jersey's definition of what constitutes an intentional wrong for purposes of the exception to the workers' compensation bar is broader than New York's, and since New

---

[3] Although both parties also discuss the workers' compensation law of Virginia, which is where Colgan maintained its principal place of business at the time of the aircrash, neither asserts that Virginia law should govern.

Jersey has a greater interest in this issue, its law should apply.  Consequently, this Court begins with choice-of-law analysis.

 1. **Choice of Law**

A federal court exercising diversity jurisdiction in multidistrict litigation transferred to it under 28 U.S.C. § 1407 must apply the choice-of-law rules of the state in which the individual action was commenced.  Int'l Paper Co. v. Ouellette, 479 U.S. 481, 501, 107 S.Ct. 805, 93 L.Ed.2d 883 (1987); Klaxon Co. v. Stentor Elec. Mfg., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979, 644 F.2d 594, 610 (7th Cir. 1981) (noting that "the choice-of-law rules to be used are those choice-of-law rules of the states where the actions were originally filed"); In re Air Crash Disaster at Boston, Mass. on July 31, 1973, 399 F. Supp. 1106, 1108 (D.Mass. 1975) (similar).  This individual action was commenced in New York.

The predominant conflict-of-laws analysis for New York tort cases is "interest analysis," which gives "controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation."  See Cooney v. Osgood Mach., Inc., 612 N.E.2d 277, 280 (N.Y. 1993); Schultz v. Boy Scouts of Am., Inc., 480 N.E.2d 679, 684 (N.Y. 1985); Babcock v. Jackson, 191 N.E.2d 279, 283 (N.Y. 1963); Padula v. Lilarn Props. Corp., 644 N.E.2d 1001, 1002 (N.Y. 1994) ("In the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation."); GlobalNet Financial.com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 384 (2d Cir. 2006) (recognizing that New York uses the "interest analysis" test to resolve conflict of laws in tort actions).  "Interest analysis" requires an

examination of the purpose of the law in conflict and identification of the jurisdiction in which the significant contacts relating to the law occurred. See Padula, 644 N.E.2d at 1002; AroChem Int'l, Inc. v. Buirkle, 968 F.2d 266, 270 (2d Cir. 1992) (citing Schultz, 480 N.E.2d at 684) ("In deciding which state has the prevailing interest, we look only to those facts or contacts that relate to the purpose of the particular laws in conflict.").

When workers' compensation law is in conflict, New York generally applies the law of the state where workers' compensation benefits are paid, because that state has the greater interest in having its law applied on that issue. See McDuffie v. Wilner, 415 F. Supp. 2d 412, 420 (S.D.N.Y. 2006) ("the rights of an employer and its insurance carrier to be reimbursed for workers' compensation benefits paid to an employee are governed by the law of the state in which the benefits were paid") (citing Boyle v. Texasgulf Aviation, Inc., 696 F. Supp. 951, 953-54 (S.D.N.Y. 1988)); Van Dyke v. Columbia Mach., Inc., 246 F. Supp. 2d 191, 198 (W.D.N.Y. 2003) (finding that Pennsylvania, where workers' compensation benefits were paid, had greater interest in having its law applied than New York, the forum state); Gregory v. The Garrett Corp., 578 F. Supp. 871, 886 (S.D.N.Y. 1983) (applying laws of Connecticut and North Carolina, where workers' compensation benefits were paid); Roach v. McGuire & Bennett, 146 A.D.2d 89, 93-94 (3d Dept. 1989) (applying Pennsylvania law to New York resident employed by New York corporation because injury occurred in Pennsylvania and benefits were received there).

It is undisputed that Donna Prisco was a resident of New Jersey, was employed by Colgan in New Jersey, and was paid workers' compensation benefits in New Jersey, which is also where the workers' compensation insurance carrier and claims administrator is located. Consequently, this Court finds that New Jersey has the greater interest in having

its workers' compensation law applied. New Jersey law will therefore govern this issue in this case.

### 2. New Jersey Workers' Compensation Law

New Jersey's system of workers' compensation constitutes a "trade-off whereby employees relinquish[ ] their right to pursue common-law remedies in exchange for automatic entitlement to certain, but reduced, benefits whenever they suffer[ ] injuries by accident arising out of and in the course of employment." Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985). The workers' compensation statute provides as follows:

> **Election surrender of other remedies.** Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee and for compensation for the employee's death shall bind the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency.
>
> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

N.J. Stat. Ann. § 34:15-8.

Excluded from the exclusivity of New Jersey's workers' compensation law is recovery by an employee for an "intentional wrong" by the employer that causes the employee injury or death. Fermaintt v. McWane, Inc., 694 F. Supp. 2d 339, 344 (D.N.J. 2010) (discussing the Millison standard). Determining whether an employer has engaged in an intentional wrong requires application of the two-part test described as follows:

7

> [U]nder <u>Millison</u>, in order for an employer's act to lose the cloak of immunity of N.J.S.A. 34:15-8, two conditions must be satisfied: (1) the employer must know that his actions are substantially certain to result in injury or death to an employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Workers' Compensation Act to immunize.

<u>Laidlow v. Hariton Mach. Co., Inc.</u>, 170 N.J. 602, 617 (2002).

The first prong of this test is met if an employer knows that its acts are "substantially certain to produce injury even though, strictly speaking, the employer does not will that result."  <u>Id.</u>  In other words, "an intentional wrong is not limited to actions taken with a subjective desire to harm, but also includes instances where an employer knows that the consequences of those acts are substantially certain to result in such harm."  <u>Id.</u> at 613 (citing W. Prosser and W. Keeton, <u>The Law of Torts</u>, § 80 at 569 (5th ed. 1984)); <u>see also</u> <u>id.</u> at 617 (adopting Dean Prosser's substantial certainty test for intentional wrong).

Turning to Plaintiff's complaint, he alleges that Colgan acted or failed to act in numerous ways that violated its alleged duty to conduct its operations safely and so as not to endanger the health and lives of its employees.  (Complaint, ¶ 46.)  These allegations include that Colgan  (1) "failed to ensure the pilots on Flight 3407 had proper training," (2) failed to address numerous safety issues . . . ", (3) failed to keep current safety manuals, (4) failed to monitor proper crew rest for their pilots, (5) failed to provide adequate procedures for airspeed selection and management during approaches in icy conditions, (6) failed to monitor pilots with known deficiencies, and (7) failed to implement the flight operational quality assurance program.  (Complaint, ¶¶ 46(a), (c), (e), (h), (i), (r), (u)).

Plaintiff further alleges that "Colgan knew, or in the exercise of ordinary care should

have known, that the negligent, careless, reckless, willful and wanton acts . . . would result in injury or death to their [sic] employees, to a substantial certainty." (Complaint, ¶ 47.) Plaintiff also alleges that "[t]he death of Donna Prisco was more than the mere fact of life or industrial employment and was the result of the Defendant Colgan's negligent, careless, reckless, willful and wanton conduct . . . ." (Complaint, ¶ 48.)

Based on these allegations and the totality of Plaintiff's complaint, this Court finds that Plaintiff has sufficiently alleged facts and claims against Colgan that plausibly fall within the "intentional act" exception to the exclusive remedy provision under New Jersey workers' compensation law. Colgan's motion will therefore be denied.

## IV.  CONCLUSION

For the reasons stated above, this Court finds that New Jersey law applies to the workers' compensation issues in this case and that Plaintiff has sufficiently alleged facts and claims against Colgan within the "intentional act" exception to the exclusive remedy provision under New Jersey workers' compensation law. Consequently, Colgan's Motion to Dismiss will be denied.

## V.  ORDER

IT HEREBY IS ORDERED, that Colgan's Motion to Dismiss (Docket No. 53) is DENIED.

SO ORDERED.

Dated:  March 25, 2012
       Buffalo, New York

                                                 /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 Chief Judge
                                                 United States District Court